The Roman Catholic Church, Etc., Plaintiff and Appellee, v. Margarita Collazo, Defendant and Appellant.

No. 6218. Argued January 19, 1934.—Decided November 13, 1934.

*A. Arnaldo Sevilla* and *A. Arnaldo, Jr.* for appellant. *José Sabater* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Defendant took the present appeal from a judgment for plaintiff and dismissing the cross complaint, rendered on appeal from the Municipal Court of San Germán.

The Apostolic, Roman Catholic, Church of Puerto Rico represented by its diocesan bishop, Monseigneur Luis Willinger, is the plaintiff and Margarita Collazo is the defendant.

Plaintiff alleges that it is the owner of a certain property of 2 acres of land which is described, situated in the Ward

Rosario in the municipal district of San Germán; that Margarita Collazo is in possession of part of said property, which is a lot also described, upon which she has built at her expense a wooden house valued at $200; that she does not pay any amount for the use of said lot and that she refuses to abandon it and to remove said house from it, for which reason judgment is prayed declaring that plaintiff is entitled to acquire said house by paying defendant the value of the same, and that defendant must abandon the lot.

Defendant objected to said claim, alleging as a defense that she had acquired the ownership of the lot by prescription by the lapse of more than thirty years and filed a cross complaint alleging that the lot is worth $400 and asking that the title of plaintiff over the 2 acres of land be declared inexistent. Plaintiff's answer admitted the allegation as to the value of the lot. The judgment compelled plaintiff to pay defendant the value of said house which the court fixed in the sum of $200, which amount should be deposited in the Municipal Court of San Germán, once the judgment was unappealable at the disposal of defendant, who must abandon said building and leave it at the disposal of plaintiff; and in case of failure to do so that she be ousted from the property.

More than a century ago the spouses Vicente Ramos and Florencia Ramírez executed a deed on April 17, 1830, before the royal and public scrivener of San Germán, Mr. Manuel Segundo Cano, by which they donated to the Ermita de Nuestra Sra. del Rosario a property consisting of 2 acres, the description of which was made, situated in the village of Rosario, where the Ermita de Nuestra Sra. del Rosario was situated. Said deed has not been presented in this suit but was presented in the year 1894 to the Registrar of Property of San Germán by Mr. Francisco Ranero, foreign priest of the parish of the Rosary, whereby more than 36 years ago the first record of said property of 2 acres was made in favor of the Ermita del Rosario. The record made of

said deed in said year does not show, as maintained by appellant, that said donation was not accepted by the Ermita del Rosario. Hence, all the arguments of appellant with respect to the nullity of the donation for failure of acceptance lack basis.

Appellant also maintains that the Hermitage did not acquire any title by donation because on April 17, 1830, the Hermitage lacked capacity to acquire the property of 2 acres under any title by virtue of a law of October 11, 1820, which was then in effect. It is true, as may be seen from Scaevola, Civil Code, Vol. 1, p. 320, that in accordance with Section 15 of said law, churches, and other religious societies considered mortmain were prohibited from acquiring any real property in any province of the kingdom, either by will, donation, purchase, barter, etc., nor by lucrative or onerous title; but it is also true that, besides the failure to prove that said law promulgated for the provinces of Spain was extended to this island, the royal decree of October 1, 1823, declared null and void all the orders of the courts from March 7, 1820 to October 1, 1823, as may be seen in the compilation of decrees of 1823, vol. 7, p. 147, published by Mr. Fermín Martín de Balmaseda, which we have in our library. The judgment of the Supreme Court of Spain found in the *Jurisprudencia Civil,* Volume 8 page 244, refers to the decree mentioned. Hence, when the donation was made in the year 1830 to the Ermita de Nuestra Sra. del Rosario the latter was not prevented from acquiring title, for which reason the lower court did not err in declaring that said Hermitage is the owner of the property of 2 acres of land, which title has been recorded for 36 years.

In order to acquire real property by prescription it is always necessary that the possession be under a claim of ownership, even if it is a case of extraordinary prescription by the lapse of more than 30 years, as this court declared in the case of *Roman Catholic Church* v. *People of Puerto Rico,* 11 P.R.R. 451. Margarita Collazo has been in posses-

sion with her house, for more than 30 years, of the lot which is a part of the property of 2 acres of plaintiff. Her possession has been limited thus and she has failed to prove any act to show that she was in possession under a claim of ownership. She paid taxes for the house but not for the lot; she accepted receipts for taxes on the house which stated that the lot belonged to the church; she recorded her possession of the house in the registry of property but not that of the lot; and several times she has admitted that said lot belonged to the Ermita del Rosario, as it appears from the unlawful detainer proceeding brought against her by said Hermitage, for which reason it can not be said that she acquired title to said lot by prescription.

In virtue thereof the judgment appealed from must be affirmed.